IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN MCLENDON,

   Plaintiff,

   v.

ROBERT L. GREEN, *et al.*,

   Defendants.

Civil Action No.: DKC-22-1303

**MEMORANDUM and ORDER**

Plaintiff Juan McLendon is self-represented and incarcerated at the Prince George's County Department of Corrections. He filed a § 1983 civil rights complaint with the court.

The court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Plaintiff alleges that he was assaulted on June 1, 2019, at the Maryland Reception, Diagnostic, and Classification Center ("MRDCC"). ECF No. 1. He states that on the day of the assault, he was not provided with his medical diet meal. *Id*. at 21. Because issues with proper meal delivery had happened previously, Plaintiff asked Defendant B. Artis if he could speak with a lieutenant or a sergeant about the issue. *Id*. at 27-28. Plaintiff remained out of his cell while waiting to speak with a lieutenant or a sergeant. *Id*. at 29. Defendant "Jane Doe correctional

officer of Unit 7-C" wanted Plaintiff to return to his cell while he waited to speak with a lieutenant or a sergeant. *Id*. at 30. She indicated that she would call an emergency code if he did not comply. *Id*. Plaintiff did not comply, a code was called, and Defendants K. Estep and R. Reed approached Plaintiff to place him in handcuffs. *Id*. at 31-32. Defendant R. Reed pepper sprayed Plaintiff. *Id*. at 33. Plaintiff then "began to run to get near a camera that would record the unnecessary use of force that the Plaintiff knew would be used but not justified." *Id*. at 33. Plaintiff "ran out of the unit" and "immediately layed [sic] on the floor in front of the camera and officer desk located in the corridor." *Id*. at 34. Plaintiff alleges that Defendants B. Artis, K. Estep, R. Reed, "Jane Doe Correctional Officer of Unit 7-C," and "John Doe Correctional Officer" kicked him, hit him, and handcuffed him while he was prone on the floor. *Id*. at 34-35. After the assault, Plaintiff was taken to Unit 5-B, administrative segregation. *Id*. at 35. There, Defendants "John Does/Jane Doe Correctional Officer(s) of Unit 5-B" did not allow Plaintiff to shower for two days, so "Plaintiff's eyes, neck, arms, chest and back burned constantly from the MK-9 pepper spray." *Id*. at 38-39.

Plaintiff names several Defendants in this action, which he groups in to three categories: "Defendant Supervisory Administrative Officials," "Defendant Executive Administrative Officials," and "Defendant Correctional Officers." *Id*. at 8-9. The first category, "Defendant Correctional Officers," include those individuals noted in the recitation of facts above. *Id*. at 8. The second category, "Defendant Supervisory Administrative Officials," are identified as "John/Jane Doe, Warden of MRDCC," and "John/Jane Doe, Chief of Security of MRDCC." *Id*. at 8-9. Plaintiff alleges, generally, that these individuals failed properly to train, supervise, and discipline "Defendant Correctional Officers." *Id*. at 39-41. The final group of Defendants, "Defendant Executive Administrative Officials," are identified as Robert L. Green, Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"), and Wayne Hill,

Commissioner of the Maryland Division of Corrections. *Id*. at 9. Plaintiff alleges, generally, that these individuals "failed to adopt and enforce policies and procedures consistent with, and necessary to enforce, the rights guaranteed to Plaintiff…" *Id*. at 40.

Plaintiff has not stated a claim against Defendant Supervisory Administrative Officials or Defendant Executive Administrative Officials which can proceed. As detailed above, these defendants are not mentioned anywhere in the factual allegations of the complaint. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. Further, it is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff has not provided allegations that the Warden of MRDCC, the Chief of Security of MRDCC, Robert L. Green, or Wayne Hill were personally involved in the assault that took place,

nor has he alleged facts indicating supervisory liability. Accordingly, Plaintiff's claims against these defendants will be dismissed without prejudice. Only the claims that Defendant Correctional Officers violated Plaintiff's rights under 42 U.S.C. § 1983 can proceed in this matter. Defendant Correctional Officers include: B. Artis, K. Estep, R. Reed, "Jane Doe Correctional Officer of Unit 7-C," "John Doe Correctional Officer," and "John Does/Jane Doe Correctional Officer(s) of Unit 5-B."

As for the remaining Defendants, to comply with the Federal Rules of Civil Procedure, the complaint must contain at a minimum a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief. *See* Fed. R. Civ. Proc. 8(a). It must also contain the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Here, Plaintiff has not provided names for many of the defendants he seeks to hold accountable for the allegations in the complaint. Because complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Accordingly, Plaintiff will be afforded an opportunity to supplement his original complaint to name all defendants within 28 days of the date of this Order. If Plaintiff is not able to name these defendants directly, he must provide sufficient detail such that the defendants might be able to be identified (physical descriptions, specific dates and times of shifts worked when alleged incidents occurred, etc.). If Plaintiff fails to supplement his complaint as directed by this Order, this matter will proceed only against the named defendants (B. Artis, K. Estep, and R. Reed).

Plaintiff is reminded that under Rule 8(d)(1) of the Federal Rules of Civil Procedure, each allegation in his supplement should be "simple, concise, and direct." A pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff should limit his supplement to provide only the information requested by this court.

Accordingly, it is this 1st day of August, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Claims against Defendant John/Jane Doe, Warden of MRDCC, ARE DISMISSED without prejudice and he/she is dismissed from this action;

2. Claims against Defendant John/Jane Doe, Chief of Security of MRDCC, ARE DISMISSED without prejudice and he/she IS DISMISSED from this action;

3. Claims against Defendant Robert L. Green ARE DISMISSED without prejudice and he IS DISMISSED from this action;

4. Claims against Wayne Hill ARE DISMISSED without prejudice and he IS DISMISSED from this action;

5. Plaintiff IS GRANTED 28 days from the date of this Order to file a supplemental complaint as directed in this Order;

6. Plaintiff IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of any unnamed defendants without prejudice and without further notice from the court; and

7. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge